IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STANLEY J. MADAY, JR.,

                      Petitioner,

    v.

BRENT FLUKE AND KEVIN CARR,

                      Respondents.

OPINION AND ORDER

20-cv-343-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Stanley J. Maday, Jr. is a Wisconsin prisoner who is incarcerated at a prison in South Dakota for security reasons. He has filed a habeas petition in this court under 28 U.S.C. § 2254, challenging a conviction entered by the Circuit Court for Columbia County, Wisconsin. That habeas case is currently stayed while petitioner exhausts his claims in state court. Maday v. Jess, 18-cv-596-bbc.

      Now petitioner has filed an "emergency petition for a writ of habeas corpus," in which he seeks to be released because the Mike Durfee State Prison where he is incarcerated is not enacting safety measures to prevent the spread of Covid-19. Petitioner says that he has underlying health conditions that would make contracting the virus particularly dangerous for him.

      Petitioner's case is not a proper habeas petition and is not properly filed in this court. Although he titles his petition as one for "habeas corpus," this court can consider a

1

habeas corpus petition from a prisoner in state custody only on the ground that the prisoner is in custody in violation of the constitution or federal law. 28 U.S.C. § 2254(a). In other words, petitioner cannot file a habeas petition in this court unless he is challenging, on constitutional grounds, a conviction or sentence that he received from a Wisconsin court. Petitioner's concerns about the conditions of confinement at the prison where he is living do not implicate the constitutionality of his conviction or sentence. Because petitioner is housed in a state facility, any requests for release or transfer to another facility must start with the warden of that facility.

Petitioner's allegations about the conditions of his confinement implicate the Eighth Amendment. If petitioner wants to bring an Eighth Amendment claim, he may file a lawsuit under 42 U.S.C. § 1983, which is the statute that allows individuals to enforce their constitutional rights. Petitioner may also be able to bring state law claims against defendants. However, this court is not the proper venue for raising claims about petitioner's conditions of confinement in South Dakota, and this court likely could not exercise personal jurisdiction over the individuals responsible for conditions at the prison where petitioner is incarcerated. If petitioner chooses to pursue a civil action against those responsible for the prison conditions, he should do so in a South Dakota court.

ORDER

IT IS ORDERED that Stanley Maday's petition is DISMISSED. The clerk of court is directed to enter judgment and close this case.

Entered this 27th day of April, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge