IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STANLEY J. MADAY, JR.,

                          Petitioner,

     v.

BRENT FLUKE AND KEVIN CARR,

                          Respondents.

ORDER

20-cv343-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Stanley J. Maday, Jr. is a Wisconsin prisoner who is incarcerated at a prison in South Dakota for security reasons. In a previous order, I dismissed petitioner's petition for a writ of habeas corpus in which he sought to be released from the Mike Durfee State Prison where he is incarcerated. Dkt. #5. Petitioner alleged that the prison has not enacted safety measures to prevent the spread of Covid-19, and that petitioner has underlying health conditions that would make contracting the virus particularly dangerous for him. I explained to petitioner that his case was not a proper habeas petition because he was not seeking release on the grounds that his conviction or sentence was unlawful. Instead, he was raising Eighth Amendment claims that should be brought in a civil rights action under 42 U.S.C. § 1983.

      Now petitioner has filed a motion for reconsideration. Dkt. #7. He contends that courts outside of the Seventh Circuit have determined that Covid-19 presents an

1

extraordinary circumstance that might permit habeas relief to a state prisoner. Id. at 6 (citing cases). Petitioner urges this court to adopt the reasoning in those cases and reconsider his request for habeas relief.

I will deny petitioner's motion for reconsideration. In contrast to the decisions cited by petitioner, the Court of Appeals for the Seventh Circuit has made it clear that an Eighth Amendment conditions of confinement claim cannot be raised in a habeas petition, because release is not an available remedy to an Eighth Amendment claim. Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005) ("Glaus's habeas corpus petition would be proper if release were among the possible remedies for an Eighth Amendment deliberate indifference claim. Unfortunately for Glaus, it is not. If an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option."). The Court of Appeals for the Seventh Circuit has not made an exception to this rule for Covid-19, and this court does not have the authority to do so. Accordingly, petitioner cannot raise Eighth Amendment claims challenging his conditions of confinement in a habeas petition.

ORDER

IT IS ORDERED that Stanley Maday's motion for reconsideration, dkt. #7, is DENIED.

Entered this 28th day of May, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge